UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, <br> as Subrogee of PASCO Scientific, Inc., <br><br> Plaintiff, <br><br> v. <br><br> AIT WORLDWIDE LOGISTICS, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 21-cv-_____ <br> ) <br> ) **In Admiralty** <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Federal Insurance Company, as subrogee of PASCO Scientific, Inc., by its undersigned attorneys, states its complaint against defendant AIT Worldwide Logistics, Inc. as follows:

### The Parties

1. Federal Insurance Company ("FIC") is a Pennsylvania corporation with its principal place of business is in Philadelphia, Pennsylvania. FIC is the insurer of the cargo that is the subject of this complaint and is fully subrogated to the rights of the cargo's owner, PASCO Scientific, Inc. ("PASCO"), with respect thereto. A true and correct copy of the subrogation receipt is attached hereto as Exhibit 1 and incorporated herein by reference.

2. AIT Worldwide Logistics, Inc. ("AIT") is an Illinois corporation with its principal place of business is in Itasca, Illinois. AIT was a carrier of the cargo that is the subject of this complaint from Hong Kong to Oakland, California. AIT issued bill of lading number HKG00497679, a true and correct copy of which is attached hereto as Exhibit 2 (the "Bill of Lading") and incorporated herein by reference.

**Jurisdiction**

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 *et seq.* ("COGSA"); pursuant to 28 U.S.C. § 1333 because it is a claim in admiralty under Federal Rule of Civil Procedure 9(h); and pursuant to 28 U.S.C. § 1337(a) because it involves an Act of Congress regulating commerce and a bill of lading exceeding $10,000.00 in value, exclusive of interest and costs.

**Venue**

4. Venue is appropriate pursuant to 28 U.S.C. § 1391(b)(1) and (2) because AIT is a resident of this district for venue purposes and AIT regularly transacts business within this district. Additionally, venue is appropriate pursuant to paragraph 19 of the terms and conditions to the Bill of Lading, which selected this forum, exclusively.

**Background Facts**

5. On or before November 11, 2020, PASCO purchased various plastic parts with lithium ion cell batteries from Kaiser Technology Co., Ltd. in Taiwan, the exporter listed on the Bill of Lading, for $162,826.43 (the "Cargo").

6. On or about November 11, 2020, AIT agreed to transport the Cargo from Hong Kong to Oakland, California. AIT received the Cargo in Hong Kong on or about November 11, 2020 and issued the Bill of Lading on November 11, 2020.

7. Pursuant to the Bill of Lading, the Cargo amounted to "272" total "packages."

8. The Cargo was in good order and condition when AIT took possession of it in Hong Kong. The Bill of Lading provides on its face, in pertinent part: "Received by the

Carrier, the Goods as specified below in apparent good condition unless otherwise stated." No exceptions as to the good order and condition of the Cargo were noted on the Bill of Lading.

9. On information and belief, the Cargo was being carried by sea on November 30, 2020, on the containership ONE APUS en route to Long Beach, California when the intermodal container holding the Cargo was lost overboard. Further on information and belief, after losing the Cargo overboard, ONE APUS diverted to the Port of Kobe, Japan, arriving there on or about December 8, 2020. After arrival in the Port of Kobe, it was confirmed by ONE APUS owners and operators and AIT that the container holding the Cargo was one of approximately 1,816 containers lost overboard on or about November 30, 2020. Additionally on information and belief, ONE APUS finally reached Long Beach, California in Spring, 2021, berthing on or about April 12, 2021.

10. No notice of claim of loss of the Cargo from PASCO to AIT was required under paragraph 15 of the terms and conditions to the Bill of Lading because the Cargo was never delivered or removed from ONE APUS by one entitled to receive delivery thereof.

11. AIT had actual knowledge about the Cargo loss which is the subject of this complaint shortly after ONE APUS diverted to and arrived at the Port of Kobe and before ONE APUS ever reached the California coast, including that the Cargo was a total loss, the nature of the Cargo, the number of packages making up the Cargo, the value of the Cargo, and that the consignee of said Cargo was PASCO.

12. Pursuant to the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 *et seq.*, a carrier is liable for the loss of or damage to cargo incurred during carriage. AIT was a carrier providing transportation or service with respect to the Cargo governed by the Bill

3

of Lading. AIT issued the Bill of Lading identifying itself as the carrier for the transit during which the Cargo was lost.

13. The Cargo was lost at sea and never delivered to PASCO in Oakland, California.

14. The loss of the Cargo was not the result of any act or omission by PASCO but was due solely to the negligence, fault and breach of contract of carriage and bailment by AIT.

15. FIC became fully subrogated to PASCO's rights and remedies in, and relating to, the Cargo on or about May 4, 2021, after paying PASCO $179,109.07. As a result, FIC has suffered $179,109.07, plus interest, in damages as a direct and proximate result of the total loss of the Cargo.

WHEREFORE, based on the foregoing, Federal Insurance Company respectfully requests this Court enter judgment in its favor and against AIT Worldwide Logistics, Inc. in the amount of $179,109.07, plus interest and costs, and for such further relief as is just.

Respectfully submitted,

FEDERAL INSURANCE COMPANY, as subrogee of PASCO Scientific, Inc.

By: /s/ Brian P. O'Connor
 One of its attorneys

Paul J. Kozacky (ARDC #6188031)
Brian P. O'Connor (ARDC #6316866)
Caitlin J. Brown (ARDC #6329481)
KOZACKY WEITZEL MCGRATH, P.C.
77 West Wacker Drive, Suite 4500
Chicago, Illinois 60601
(312) 696-0900
pkozacky@kwmlawyers.com
boconnor@kwmlawyers.com
cbrown@kwmlawyers.com